UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20781-CR-SINGHAL

UNITED STATES OF AMERICA

v.

VACARLO OMEAD HAMILTON,

    **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and Vacarlo Omead Hamilton ("Defendant") agree that, were this case to proceed to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida:

On or about November 13, 2019, Defendant's co-defendant, Ernesto Prieto ("PRIETO") requested that Defendant supply cocaine for an intended sale to a third individual (in reality, a Drug Enforcement Agency ("DEA") Confidential Source ("CS")). Defendant agreed to provide the cocaine, which he intended to obtain from another individual who regularly supplied Defendant and others with cocaine to sell. Defendant and PRIETO agreed that Defendant would first provide one kilogram of cocaine to the buyer, and that if the buyer was satisfied and provided payment for the first kilogram, Defendant would then provide the remaining kilograms. Defendant and PRIETO agreed to meet the intended buyer later that night at a car lot located on property owned by PRIETO, located at 1353 NW 79 Street, Miami, Florida 33147, to complete this sale of cocaine. This was the first time that Defendant and PRIETO had engaged in selling cocaine together.

1

On November 13, 2019, at approximately 7:38 p.m., the CS arrived at PRIETO's property as previously arranged. PRIETO greeted the CS and explained that Defendant would be arriving shortly with the cocaine. Approximately fifteen minutes later, Defendant arrived and carried a package into the building where the CS and PRIETO were waiting. Within that package was one kilogram of cocaine, as verified by later chemical analysis. The CS inquired whether he could purchase an additional nine kilograms, for a total of ten kilograms that evening. Defendant and PRIETO agreed to provide the additional nine kilograms, once the CS paid for the first kilogram of cocaine that Defendant had already brought. Defendant called his third party supplier to confirm that cocaine in this volume was available for purchase that evening, and was informed that the cocaine could be made available once payment was received.

The parties agree that these facts, which do not include all the facts known to the government and Defendant, are sufficient to prove that: (i) Defendant and his co-defendant, PRIETO, agreed to accomplish a shared and unlawful plan to possess cocaine; (ii) Defendant knew the unlawful purpose of the plan and willfully joined in it; and (iii) the object of the unlawful plan

[SPACE LEFT INTENTIONALLY BLANK]

was to possess with intent to distribute more than five kilograms of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 2/13/2020          By: _____
                              KATHLEEN C. COOPERSTEIN
                              SPECIAL ASSISTANT UNITED STATES ATTORNEY

Date: 2/13/2020          By: _____
                              KATE MOLLISON
                              ATTORNEY FOR DEFENDANT

Date: 2/13/2020          By: _____
                              VACARLO OMEAD HAMILTON
                              DEFENDANT